# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:23-CR-30022-RAL** |
| **Plaintiff,** | |
| **vs.** | **REPORT AND RECOMMENDATION** |
| **TYSON QUIGLEY, a/k/a TYSON STANDS AND** | **FOR DISPOSITION OF MOTION TO DISMISS COUNT III OF** |
| **ERWIN WHITE LANCE,** | **SUPERSEDING INDICTMENT** |
| **Defendants.** | |

Erwin White Lance (White Lance) moves to dismiss count III of the superseding indictment, arguing that the predicate first-degree burglary offense charged in count I does not qualify as a "crime of violence" because the offense is broader than the "physical force" clause in 18 U.S.C. § 924(c)(3)(A). Tyson Quigley, a/k/a Tyson Stands (Quigley) joins in the motion. Believing that the burglary offense satisfies the "force" clause and is a "crime of violence" under the statute, the Court recommends that the dismissal motion be denied.

1

## BACKGROUND

White Lance and Quigley were originally charged by indictment with first-degree burglary and Quigley with being a prohibited person in possession of a firearm.[1] The government then superseded the indictment, charging them both with the added offense of using and carrying a firearm during a crime of violence and aiding and abetting in the same.[2] Afterward, they moved to dismiss the added charge—count III of the superseding indictment—claiming that under the categorical approach, the burglary offense is not a crime of violence and does not meet § 924(c)(3)(A)'s physical force requirement.[3]

## DISCUSSION

### A. Crime of Violence

For purposes of § 924(c), a crime of violence is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[4] "Physical force" means "force capable of causing physical pain or injury."[5]

The terms "violent felony" in the Armed Career Criminal Act (ACCA)[6] and "crime of violence" in the Sentencing Guidelines are interchangeable and treated the same.[7] An

---

[1] Docket No. 1.

[2] Docket No. 86.

[3] Docket Nos. 93 at 2-6, 107.

[4] 18 U.S.C. § 924(c)(3)(A).

[5] *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019).

[6] 18 U.S.C. § 924(e).

[7] *United States v. Clark*, 1 F.4th 632, 635 (8th Cir. 2021).

2

offense that requires a mens rea of ordinary recklessness is not a violent felony under the ACCA.[8]

## B. Categorical Approach

A court must apply a "categorical approach" to determine whether the predicate offense qualifies as a "crime of violence."[9] Under this approach, the court must compare the elements of the offense with the force clause's requirements.[10] The only relevant question is whether the offense requires the government to prove—beyond a reasonable doubt, as an element of the case—the force referred to in § 924(c)(3)(A).[11]

Application of the categorical approach is straightforward when a statute "sets out a single (or 'indivisible') set of elements to define a single crime."[12] But when the statute is alternatively phrased, "things become more complicated."[13] A court, in that situation, must first determine whether the statute sets forth "elements in the alternative, and thereby define[s] multiple crimes," or whether the statute creates only one crime and enumerates "various factual means" of committing a single element.[14] If the statute itemizes multiple elements disjunctively and creates several crimes, then it is "divisible"

---

[8] *Borden v. United States*, 141 S. Ct. 1817, 1821-22 (2021); *see also United States v. Hoxworth*, 11 F.4th 693, 695-96 (8th Cir. 2021) (summarizing *Borden*'s holding).

[9] *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022).

[10] *Id.*

[11] *Id.*

[12] *Mathis v. United States*, 579 U.S. 500, 504-05 (2016).

[13] *United States v. Peneaux*, No. 3:22-CR-30105-RAL, 2023 WL 3613035, at *3 (D.S.D. May, 2, 2023).

[14] *Mathis*, 579 U.S. at 505-06.

and the court may use the "modified categorical approach."[15] If, however, the statute merely lists alternative means of "committing some component of the [crime]," then the statute is "indivisible" and subject to the categorical approach.[16]

The Supreme Court has provided some guidance in distinguishing between elements and means when an alternatively worded statute is involved. "Elements," the Court explained, "are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction."[17] "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty."[18] Means, "by contrast, are real-world things—extraneous to the crime's legal requirements . . . ."[19] "They are circumstances or events having no legal effect or consequence: In particular, they need neither be found by a jury nor admitted by [the] defendant."[20]

When a state statute is involved, a court should look to state law, including court decisions interpreting the statute, to determine whether the differing provisions in the statute constitute elements or means.[21] "[I]f state law fails to provide clear answers,"[22]

---

[15] *Id.*
[16] *Id.* at 506.
[17] *Id.* at 504 (citation omitted) (internal quotation marks omitted).
[18] *Id.* (citations omitted).
[19] *Id.*
[20] *Id.*
[21] *Id.* at 517-18.
[22] *Id.* at 518.

then the court may consult governing jury instructions to satisfy the "demand for certainty," on the elements-or-means determination.[23]

## C. Burglary Statute

Count I of the superseding indictment jointly charges White Lance and Quigley with first-degree burglary in violation of the Major Crimes Act.[24] That Act "makes burglary committed by an Indian within 'Indian Country' a federal crime."[25] Because no federal statute describes what constitutes the crime of burglary, the Act incorporates state law, where the burglary was committed, to define the crime and establish its punishment.[26]

Under South Dakota law, "[a]ny person who enters or remains in an occupied structure, with intent to commit any crime, unless the premises are, at the time, open to the public or the person is licensed or privileged to enter or remain, is guilty of first-degree burglary if:

(1) The offender inflicts, or attempts or threatens to inflict, physical harm on another;
(2) The offender is armed with a dangerous weapon; or
(3) The offense is committed in the nighttime."[27]

---

[23] *Id.* at 519.
[24] Docket No. 86; 18 U.S.C. § 1153.
[25] *United States v. Norquay*, 905 F.2d 1157, 1158 (8th Cir. 1990).
[26] *Id.* at 1158-59.
[27] S.D. Codified Laws § 22-32-1.

South Dakota's burglary statute covers more conduct than generic burglary does.[28]

The statute reaches a broader range of places,[29] conduct, and conditions.[30]

## D. Multiple Crimes with Alternative Elements

The South Dakota statute textually defines three separate crimes: (1) first-degree burglary by inflicting, attempting, or threatening to inflict physical harm to another; (2) first-degree burglary with a dangerous weapon; and (3) first-degree burglary in the nighttime. The use of the disjunctive "or" signals that the statute is divisible and intended to describe alternative bases for convictions.[31] So too, do the semicolons, as opposed to commas, between paragraphs.[32] The statute's sole structural element (that can be satisfied

---

[28] *See State v. Burdick*, 712 N.W.2d 5, 10-11 (S.D. 2006) (Meierhenry, J., dissenting) (recognizing that state legislature broadened common law definition of burglary and South Dakota Supreme Court decisions have done same); *see also Mathis*, 579 U.S. at 503-04, 507 (Iowa's burglary statute broader than generic burglary definition, which contains these elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime") (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)); *United States v. Fisher*, 25 F.4th 1080, 1084 (8th Cir. 2022) (Minnesota burglary statute encompasses more conduct than generic burglary); *United States v. Kinney*, 888 F.3d 360, 364 (8th Cir. 2018) (North Dakota burglary statute overbroad because it included both structures and vehicles within its reach and criminalized more conduct than generic offense version).

[29] *See, e.g.*, S.D. Codified Laws § 22-32-1, 22-1-2(28), (49) ("occupied structure," required to commit first-degree burglary, includes any house, building, outbuilding, motor vehicle, watercraft, aircraft, railroad car, trailer, tent, or other edifice, vehicle, or shelter, or any portion thereof in which any person present); SDPJI (Crim.) 3-16-5 (occupied structure instruction); *see also Mathis*, 579 U.S. at 507 (burglary statute that covers "land, water, or air vehicle" broader than generic burglary); *Shepard v. United States*, 544 U.S. 13, 15-16 (2005) (noting ACCA "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle").

[30] *See, e.g.*, S.D. Codified Laws § 22-32-1(1), (2), (3) (physical harm, dangerous weapon, and nighttime provisions).

[31] *United States v. Bankhead*, 746 F.3d 323, 326 (8th Cir. 2014) ("The hallmark of divisibility is the enumeration of alternative bases for conviction separated by the disjunctive 'or.'"); *United States v. Cochran*, No. 3:22-CR-30064-RAL, 2023 WL 4599942, at *4 (D.S.D. July 18, 2023) ("a statute's use of the disjunctive 'or' signals that the statute is divisible").

[32] *See Cochran*, 2023 WL 4599942, at *4 (use of "or" and semicolons, rather than commas, indicate clauses divisible).

in multiple ways) and alternative elemental requirements (that there be certain conduct or conditions present), favor such an interpretation as well.[33]

Decisions from the South Dakota Supreme Court expressly refer to the triad of alternatives in the first-degree burglary statute as elements.[34] That court treats each of the statute's three alternative paragraphs as a distinct crime, requiring proof beyond a reasonable doubt, rather than as alternative factual means.[35]

South Dakota's pattern jury instructions also support the view that the burglary statue is divisible.[36] A court may use a statute's model instructions to reinforce its interpretation of the elements or means inquiry.[37] The elements instruction for first-

---

[33] *Compare* SDPJI (Crim.) 3-16-2, 3-16-5 (structure element can be satisfied by varying means and prosecution *need not specifically prove them* (i.e., entering into house, building, outbuilding, shelter, railroad car, truck, boat, plane, or tent all suffice)), *with* SDCL 22-32-1(1), (2), (3) (requiring that prosecution *prove* either that offender inflicted, attempted or threatened to inflict, physical harm on another, was armed and dangerous, or committed burglary "in the nighttime").

[34] *See, e.g., State v. Robertson*, 990 N.W.2d 96, 106 (S.D. 2023) ("nighttime" provision of statute an essential element of first-degree burglary offense, requiring proof beyond reasonable doubt); *id.* at 107-08 (Myren, J. dissenting) ("in the nighttime" the "sole element" that distinguishes first-degree burglary from second-degree burglary and "exposes the defendant to an additional ten years in the state penitentiary"; "nighttime" is essential element that must be proven beyond reasonable doubt); *State v. Chipps*, 874 N.W.2d 475, 589 n.9 (S.D. 2016) (listing "additional elements" of first-degree burglary and distinguishing it from second-degree burglary); *State v. Dowty*, 838 N.W. 2d 820, 831 (S.D. 2013) (citing S.D. Codified Laws § 22-32-1(1) and explaining that evidence of shooting was "necessary to prove the 'inflicts . . . physical harm on another' element of first-degree burglary"); *State v. DeNoyer*, 541 N.W.2d 725, 732-33 (S.D. 1995) (jury instruction that lists "nighttime" commission of offense as element "states the law in South Dakota"); *State v. Blakely*, 332 N.W.2d 729, 731 (S.D. 1983) ("in the nighttime" is one "element" of first-degree burglary); *State v. Secrest*, 331 N.W.2d 580, 582 n.* (S.D. 1983) (referencing "indisputably separate elements of the first-degree burglary statute").

[35] *See Fisher*, 25 F.4th at 1084-85; *Robertson*, 990 N.W.2d at 105-06; *id.* at 107; *Dowty*, 838 N.W.2d at 828, 831; *DeNoyer*, 541 N.W.2d at 732-33. *But see United States v. McMillan*, 863 F.3d 1053, 1057 (8th Cir. 2017) (Minnesota cases reflect that jury not required to unanimously agree on whether "person or property" object of offense, which indicates alternative means, not elements).

[36] *See Mathis*, 579 U.S. at 519; *Fisher*, 25 F.4th at 1085.

[37] *McMillan*, 863 F.3d at 1057.

degree burglary has parentheses around, and the word "OR" (in capital letters) between, the alternative paragraphs to indicate optional element crimes.[38] The instruction requires that the prosecution prove each element of the offense—including the alternative ones— beyond a reasonable doubt.[39] And the comment to the instruction says that separate instructions for "dangerous weapon" and "nighttime" should be used when those paragraphs of the statute are charged.[40]

Given the language and structure of the first-degree burglary statute, South Dakota state court decisions, and the state's pattern jury instructions, the Court is satisfied that the statute identifies "which things must be charged"[41] and is divisible.[42] A prosecutor must select the relevant element from the statute's trio of alternatives and the jury must find that element unanimously and beyond a reasonable doubt.[43]

Applying the modified categorical approach, the Court concludes that the burglary offense White Lance and Quigley are charged with is a crime of violence.[44] The

---

[38] SDPJI (Crim.) 3-16-2.

[39] *Id.*

[40] *Id.* (comment); *see also* SDPJI (Crim.) 3-23-5 ("dangerous weapon"), 3-16-4 ("nighttime").

[41] *Mathis*, 579 U.S. at 518. *But see Kinney*, 888 F.3d at 364 (no controlling or persuasive state court precedent; language used of little guidance; alternatives carried same punishments; and statute did not identify which things must be charged).

[42] *United States v. Huntington*, 44 F.4th 812, 814 (8th Cir. 2022) (per curiam); *Fisher*, 25 F.4th at 1080; *Cochran*, 2023 WL 4599942, at *3-4. *But see Peneaux*, 2023 WL 3613035, at *4-6 (no court decisions or model instructions shedding light on whether tribal statute's alternatives constitute elements or means and statute's text and structure inconclusive).

[43] *Descamps v. United States*, 570 U.S. 254, 272 (2013).

[44] *Compare Huntington*, 44 F.4th at 814-15 (first-degree burglary with assault divisible crime and violent felony based on statutory requirements), *and Cochran*, 2023 WL 4599942, at *4-5 (felony-murder offense crime of violence under § 924(c)), *with Peneaux*, 2023 WL 3613035, at *4-6 (tribal convictions did not qualify

government has thus stated a § 924(c)(3)(A) offense and may proceed with the firearm charge in Count III of the superseding indictment.

## E. Reckless Conduct

White Lance and Quigley's other claim—that the burglary offense they face can be committed with "ordinary recklessness"[45]—has no merit. The South Dakota Supreme Court has repeatedly stated that first-degree burglary is a specific intent crime.[46] What's more, the state pattern jury instructions call for the giving of a specific intent instruction when a defendant is charged with this kind of burglary.[47]

White Lance and Quigley's reliance on *United States v. Boose*[48] is misplaced. In that case, state law explicitly provided that the predicate offense could be committed with a mental state of recklessness.[49] On the other hand, South Dakota law requires intentional conduct to commit first-degree burglary.[50]

---

as misdemeanor crimes of domestic violence and could not serve as predicate offenses under 18 U.S.C. § 922(g)(9)).

[45] Docket No. 93 at 6-7.

[46] *See, e.g., State v. Jucht*, 821 N.W.2d 629, 638 (S.D. 2012) (holding, in first-degree burglary case, there was sufficient evidence to prove defendant had specific intent to commit malicious intimidation or harassment); *State v. Red Star*, 625 N.W.2d 573, 578-79 (S.D. 2001) (approving specific intent instruction for offense); *State v. Holzer*, 611 N.W.2d 647, 651, 653-54 & n.6 (S.D. 2000) (state had to prove, and jury had to be instructed on, specific intent); *id.* at 658 (Sabers, J., dissenting) (defendant "charged with a specific intent crime"); *DeNoyer*, 541 N.W.2d at 732-33 (burglary statute required person remain in structure after forming intent to commit crime and approving specific intent instruction); *see also State v. Traversie*, 387 N.W.2d 2, 8 (S.D. 1986) (jury instructed on elements of burglary and necessity that act performed be with specific intent).

[47] SDPJI (Crim.) 3-16-2 (comment), 3-16-3, 1-12-2.

[48] 739 F.3d 1185 (8th Cir. 2014).

[49] *Id.* at 1188.

[50] *See Janis*, 73 F.4th at 632-35; *Cochran*, 2023 WL 4599942, at *5; *see also Huntington*, 44 F.4th at 814-15 (Minnesota's first-degree burglary with assault offense requires intentional conduct).

9

### F.  Predicate Offense Instructions

In any event, there is a way to ensure that § 924(c)(3)(A)'s force clause is satisfied—through appropriate jury instructions tailored to the case.[51] The district court can instruct the jury on the physical force element to ensure that any first-degree burglary offense will qualify as a predicate offense under § 924(c)(3)(A).[52]

White Lance and Quigley are not charged with any old burglary. Count I of the superseding indictment specifically alleges that they inflicted, or at least threatened or attempted to inflict, physical harm on Bryan Eagle Deer and Leslie Fool Bull, either as principals or aiders and abettors.[53] The government has indicted a predicate offense that complies with § 924(c)(3)(A)'s use of force provision.

## CONCLUSION

The first-degree burglary offense White Lance and Quigley are charged with involves the "use of physical force against the person or property of another" and is a crime of violence under the modified categorical approach. The offense statute lists differing elements alternatively, each of which constitutes a separate crime. And that crime requires specific intent before it can be committed, not mere recklessness. Construing the first-degree burglary statute based on its context, structure, and phrasing, and in light of state court cases and pattern jury instructions addressing it, the Court

---

[51] *See Cochran*, 2023 WL 4599942, at *5.

[52] *See id.*

[53] Docket No. 86 at 1.

concludes that the burglary crime White Lance and Quigley are alleged to have committed is a proper predicate offense for their § 924(c)(3)(A) charge.

## RECOMMENDATION

In accordance with the authorities and legal analysis set forth in this report, and the record now before the Court, it is

RECOMMENDED that the motion to dismiss count III of the superseding indictment, White Lance filed and Quigley joined in on,[54] be denied.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[55] Unless an extension of time for cause is later obtained,[56] failure to file timely objections will result in the waiver of the right to appeal questions of fact.[57] Objections must "identify[] those issues on which further review is desired[.]"[58]

DATED this 14th day of November, 2023.

BY THE COURT:

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[54] Docket Nos. 92, 107.

[55] *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).

[56] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (*citing Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

[57] *See Thompson*, 897 F.2d at 357; *Nash*, 781 at 667.

[58] *Arn*, 474 U.S. at 155.